[Cite as *State v. Landers*, 2011-Ohio-2975.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

       Plaintiff-Appellee

v.

DAVID LANDERS

       Defendant-Appellant


Appellate Case No. 24242

Trial Court Case No. 09-CR-3020

(Criminal Appeal from
 Common Pleas Court)

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of June, 2011.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by TIMOTHY J. COLE, Atty. Reg. #0084117, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

CHARLES W. SLICER, III, Slicer Law Office, 111 West First Street, Suite 205, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}  Defendant-appellant David Landers appeals from his conviction and sentence on one count of Possession of Cocaine and one count of Illegal Manufacture of a Schedule I or II Drug, both felonies of the second degree, following his plea of guilty to those charges.  Landers contends that he pled guilty in reliance upon his trial counsel's having assured him that a sentence not greater than three years would be imposed – two concurrent four-year sentences were imposed, and that his plea was involuntary in view of a threat to prosecute his pregnant girlfriend for her role in the offenses if he did not plead.

{¶ 2}  We conclude that the record does not support Landers's contentions.  Although Landers claimed, at his sentencing hearing, that his former trial attorney had promised that he would receive a three-year sentence, the record of the plea hearing indicates that he was told that his sentence would be no more than four years, and probably not a minimum, two-year sentence.  The record of the plea hearing does not reflect that the State threatened Landers with the prosecution of his girlfriend if he did not plead; the record merely reflects that the State agreed that it would not prosecute her if he did plead.

{¶ 3}  The judgment of the trial court is Affirmed.

I

{¶ 4}  Landers was charged by indictment with one count of Possession of Cocaine, and one count of Illegal Manufacture of a Schedule I or II Drug.  After a motion to suppress evidence was overruled, Landers pled guilty to both charges.  He was sentenced to four years on each count, to be served concurrently.   From his conviction and sentence, Landers appeals.

III

{¶ 5}   Landers's sole assignment of error is as follows:

{¶ 6}   "APPELLANT'S GUILTY PLEA WAS NOT ENTERED KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY AS REQUIRED BY LAW."

A

{¶ 7}   Landers first contends that his plea was not entered knowingly, because he was misadvised by his trial counsel that he would receive a sentence of no more than three years. The record does not bear out this contention.

{¶ 8}   At the plea hearing, the trial court discussed the issue of sentencing:

{¶ 9}   "THE COURT: Okay.   And you understand that because they're felony two drug related offenses, they are mandatory time?

{¶ 10}   "MR. LANDERS: Yes, ma'am.

{¶ 11}   "THE COURT: Okay.   Now, with regard to those felony twos, they carry a potential term of imprisonment of two to eight years, and any number of years in between.   As part of my conversation with Mr. Vannoy [defense counsel], we've talked about, when I look at your pre sentence investigation report, I'm going to be considering a range between two and four years for you in connection with the sentencing for this – for these offenses.   Do you understand that?

{¶ 12}   "MR. LANDERS: Yes, ma'am.

{¶ 13}   "THE COURT: Okay.   And I've been very honest with Mr. Vannoy, and I want to be very honest with you right now, because if it causes you to change your mind, then we need to know that, because we can go right back across the hall and tee off the jury trial.   I am very disinclined to give you the minimum of two years.   Do you understand that?

{¶ 14} "MR. LANDERS: Yes, ma'am.

{¶ 15} "THE COURT: Okay.   So – but, we are going to, in essence, cap your period of jail exposure at around that four year mark.   Do you understand that?

{¶ 16} "MR. LANDERS: Yes, ma'am.

{¶ 17} "THE COURT: Okay.   Now –

{¶ 18} "MR. VANNOY: Cap – cap, meaning maximum four years, she can do anything – she says she's going to do anything between really three and four.   She says two to four, but maximum would be four.   Okay.   That's what I explained to you.

{¶ 19} "THE COURT: Do you understand that?

{¶ 20} "MR. LANDERS: Yes, ma'am.

{¶ 21} "THE COURT: Okay.   And you are still okay going forward with your guilty plea, understanding that?

{¶ 22} "MR. LANDERS: Yes, ma'am."

{¶ 23} At the sentencing hearing, Landers claimed that his trial counsel at the plea hearing (he was represented by different counsel at the sentencing hearing), had told him that he would receive a three-year sentence if he pled guilty.   This claim is belied by the record of the plea hearing.

{¶ 24} If, in fact, Landers was told by his counsel at the plea hearing that he would receive a three-year sentence, that could possibly form a basis for a motion to withdraw his plea, wherein he may refer to matters outside the record.   This is a direct appeal from his conviction and sentence.   The record of the plea hearing contradicts Landers's contention that his counsel told him he would receive a three-year sentence.   Therefore, this factual predicate for Landers's

sole assignment of error is not borne out by the record.

B.

**{¶ 25}** Landers next contends that his plea was involuntary because it was coerced by the State's having threatened to prosecute his girlfriend if he would not plead. The record does not support this contention, either.

**{¶ 26}** The plea hearing includes the following colloquy:

**{¶ 27}** "THE COURT: Okay. Have any promises other than the promises that I've talked with you about here this morning, right here in open court, about what your sentencing range is going to be, and that I'm not going to add additional time to your sentence because of violation of post release control; other than that, have any promises by any person about anything caused you to plead guilty to these charges?

**{¶ 28}** "MR. LANDERS: No, ma'am.

**{¶ 29}** "MR. VANNOY: Judge, there is one additional consideration. The State of Ohio, it's my understanding, has agreed to not prosecute Latasha Melvin in connection with the drugs found in this case.

**{¶ 30}** "MS. HUI [representing the State]: That is accurate, Your Honor.

**{¶ 31}** "THE COURT: Okay. Very good. And I appreciate that addendum. And so, Mr. Landers, let me go back. In addition to the State's promise to not prosecute Latasha Melvin, any other promises by any other person about anything that are part of your decision to plead guilty to these two offenses?

**{¶ 32}** "MR. LANDERS: No, ma'am."

**{¶ 33}** And, at sentencing:

{¶ 34} "THE COURT: * * * ; and also that as part of that, that Latasha Melvin would not be pursued and prosecuted by the State for her involvement in the situation, as well. * * * ."

{¶ 35} The distinction between a threat of vindictive prosecution if a defendant does not plead guilty and a promise not to prosecute if the defendant does plead guilty, is subtle, but important. A promise not to prosecute a criminal defendant on certain charges, or to dismiss certain pending charges, if the defendant agrees to plead guilty to other charges, is common in plea negotiations, and is not deemed to constitute coercion sufficient to deprive the defendant's guilty plea of its voluntary nature. We see no reason why a promise not to prosecute a loved one, in exchange for a defendant's guilty plea, should be treated any differently.

{¶ 36} The situation might be materially different if the State were to threaten a defendant with prosecution of a loved one unless the defendant pleads guilty, but that situation is not portrayed in this record.

{¶ 37} Landers's sole assignment of error is overruled.

### III

{¶ 38} Landers's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Mathias H. Heck
Timothy J. Cole
Charles W. Slicer, III

Hon. Mary L. Wiseman